**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

ROBERT MYERS et al.,

                Plaintiffs

    v.

EDWARD L. EDWARDS,

                Defendant

CIVIL ACTION NO. 1:13-CV-00792

(MEHALCHICK, M.J.)

<u>MEMORANDUM</u>

       This personal injury action was initiated upon the filing of the original complaint in this matter on March 27, 2013. (Doc. 1). In his complaint, *pro se* Plaintiffs Robert Myers and Chiquita Myers seek damages against Defendant Edward L. Edwards for personal injuries allegedly sustained in a motor vehicle accident, whereby Defendant negligently struck Plaintiff's vehicle when reversing his pickup truck. Pending before this Court is Defendants' unopposed motion for summary judgment. (Doc. 34).

I.    <u>Factual and Procedural Background</u>

       Plaintiffs Robert Myers and Chiquita Myers, proceeding *pro se*, filed the instant lawsuit on March 27, 2013, to recover damages for injuries allegedly sustained in motor collision on May 24, 2011. (Doc. 1). Specifically, Plaintiffs claim that their vehicle was struck by a Ford F150 pickup truck driven by Defendant while exiting the Old Mill Stream Campground located in Lancaster, Pennsylvania. (Doc. 1). As a result of the accident, Plaintiff Robert Myers alleges he suffered injuries including "myelopathy, partial paralysis, [and] disc herniations," which required neck surgery. (Doc. 1).

       On June 6, 2013, Defendant filed an answer to Plaintiffs' complaint, asserting various affirmative defenses. On July 15, 2013, this case was referred for mandatory mediation, which

proved unsuccessful. (Doc. 14). On February 25, 2014, following a joint case management conference, the Court directed the parties to complete discovery and to have an independent medical examination performed by May 26, 2014, and to file all dispositive motions by June 25, 2014. (Doc. 28). On April 28, 2014, the Court entered an additional case management order, extending the discovery deadline to July 31, 2014, and granting Defendant's motion to compel Plaintiffs to appear for the scheduled deposition and independent medical examination. Furthermore, the Court ordered that the parties submit their Rule 26(a)(2) disclosures by August 15, 2014, and any supplemental disclosures by September 30, 2014. (Doc. 30).

On September 30, 2014, Defendants filed a motion for summary judgment, together with a brief in support of the motion, on the basis that Plaintiffs have failed to disclose experts to testify at trial with respect to the causal relationship between the underlying motor vehicle accident and the "alleged personal injuries, medical treatment, surgical procedures, future limitations, medical care, and/or future medical expenses." (Doc. 34; Doc. 35). To date, Plaintiffs have not produced any expert reports or other filings in accordance with this Court's April 28, 2014 Order. Further, Plaintiffs did not file any brief in opposition to Defendant's motion for summary judgment. As such, the motion is deemed unopposed.

II.   **Summary Judgment Standard**

To prevail on a motion for summary judgment, the moving party must show that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A fact is material if proof of its existence or nonexistence might affect the

2

outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988).

Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256–57. A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* Fed. R. Civ. P. 56(c); *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000) (citing *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994)). In making this determination, "a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L.Ed.2d

695 (1990). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Id*. Further, all material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party. L.R. 56.1. *See also* Fed. R. Civ. P. 56(e)(2) (if a nonmovant fails to properly address an assertion of fact, the court may consider the fact undisputed for purposes of the motion).

III.    **DISCUSSION**

Defendant moves for summary judgment on the ground that Plaintiffs have failed to provide sufficient evidence of causation to support a personal injury claim. (Doc. 35). Specifically, Plaintiffs have failed to produce or disclose expert medical testimony as to the causal relationship between the underlying motor vehicle accident and alleged personal injury.

Pursuant to Pennsylvania law, "for a Plaintiff to recover on a negligence cause of action, [ ]he must prove a causal relationship between the breach, the resulting injury, and the actual loss." *Burton v. Price*, No. CIV.A. 3:09-288, 2013 WL 5274811, at *6 (W. D. Pa. Sept. 18, 2013) (citing *J.E.J. v. Tri–Cnty. Big Bros./Big Sisters, Inc.,* 692 A.2d 582, 584 (Pa. Super. Ct. 1997); *Burman v. Golay & Co., Inc.,* 616 A.2d 657, 659 (Pa. Super. Ct. 1992); *Maliszewski v. Rendon,* 542 A.2d 170, 172 (Pa. Super. Ct. 1988)). In the case of alleged personal injury, a plaintiff must provide "unequivocal medical testimony" establishing the causal relationship element, absent an obvious causal connection between the accident and injury. *Burton v. Price*, 2013 WL 5274811, at *6 (citing *Albert v. Alter,* 381 A.2d 459, 470 (Pa. Super. Ct. 1977); *Rendon,* 542 A.2d at 172); *see also Lattanze v. Silverstrini,* 448 A.2d 605 (Pa. Super. Ct. 1982)(finding an exception

to the requirement of providing expert testimony where there is an *obvious* causal connection between the alleged negligent act and injury). "An obvious causal relationship exists when the injury is an 'immediate and direct' or 'natural and probable' result of the complained of act." *Lattanze*, 448 A.2d at 608 (citing *Tabuteau v. London G. & A., Ltd.*, 40 A.2d 396 (1945); *Fenstermaker v. Bodamer,*171 A.2d 641 (1961)). Moreover, the alleged act and injury must be "'so closely connected and so readily apparent that a layman could diagnose (except by guessing) the causal connection.'" *Lattanze,* 448 A.2d at 608 (citations omitted).

Here, the undisputed facts in the record support the conclusion that the injuries complained of were neither the "immediate and direct," nor the "natural and probable" result of the alleged negligent act. Specifically, it does not appear from the record that there is an obvious causal relationship between Plaintiff's complaints of "cervical, thoracic, and lumbar sprain and strain, lumbar disc bulge and herniation, and radiculopathies," and the alleged motor vehicle accident. Indeed, Plaintiff's medical records from October 20, 2010, seven (7) months before the alleged motor vehicle collision reveal that he has a pre-existing condition that developed prior to the alleged accident. (Doc. 34, Ex. 3). Specifically, Plaintiff's physician, Dr. Bruno P. Togle, notes in his dictation from October 20, 2010, that Plaintiff underwent an "MRI scan of the lumbosacral spine," which "indicated some degenerative disc and joint disease throughout the lower lumbar spine," but that it was "difficult to localize whether he has a problem in the cervical spine secondary to cervical spondylosis, or if it's in the thoracic area." (Doc. 34, at Ex. 3 ). Moreover, Dr. Thomas Lovely, Plaintiff's surgeon performing a "C3-7 laminoplasty with placement of Medtronic Centerpiece plates and screws," to correct Plaintiff's "[m]ulti-level cervical stenosis with left possible C7 radiculopathy" marks in his dictation from September 23, 2013, that Plaintiff suffers from "progressive myelopathic symptoms." (Doc. 34,

at Ex. 3). As a layman could not "easily diagnose" the causal connection with respect to Plaintiff's alleged injuries, given the evidence in the record suggesting that Plaintiff may have had a pre-existing condition, expert medical testimony is ultimately necessary to prove causation.

In viewing the record in the light most favorable to the nonmoving party, the Court finds that no genuine issue of material fact exists with respect to the issue of causation, as Plaintiffs have failed to point to facts in the record that contradict Defendant's argument that Plaintiffs have failed to produce expert testimony establishing the cause of Plaintiff's injuries. In the absence of such evidence, no reasonable juror could conclude that a causal connection exists between the alleged motor vehicle accident and the purported injuries Plaintiff experienced as a result of the negligent act. Accordingly, summary judgment in favor of Defendant is warranted.

IV.    **CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment on Plaintiff's personal injury claim is **GRANTED**.

An appropriate Order will follow.


**Dated: February 6, 2015**                   *s/ Karoline Mehalchick*
                                              _____
                                              **KAROLINE MEHALCHICK**
                                              **United States Magistrate Judge**